

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 15, 2013

Richard J. Sweeney, Esq.
Sullivan & Sweeney, LLP
277 Newport Avenue
Quincy, Massachusetts 02170

> Re: <u>U.S. v. Geoffrey Portway,</u>
> Criminal No. 12-40064

Dear Mr. Sweeney:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Geoffrey Portway ("Defendant"), in the above-referenced case. The Agreement is as follows:

> 1.      Change of Plea

At the earliest practicable date but in no event later than May 6, 2013, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement, charging him with: Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. §373; Distribution of Child Pornography, in violation of 18 U.S.C. §2252(a)(2); and Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4)(B).  Defendant expressly and unequivocally admits that he committed the crimes charged in the Superseding Information, did so knowingly and intentionally, and is in fact guilty of those offenses.

> 2.      Penalties

Defendant faces the following minimum mandatory and maximum penalties:

<u>Count One (Solicitation to Commit a Crime of Violence)</u>: based upon solicitation of kidnaping, incarceration for a period of not more than twenty years, $125,000 fine, supervised release for a

period of three years; a mandatory special assessment of $100; restitution; and forfeiture as charged in the Superseding Information.

Count Two (Distribution of Child Pornography): incarceration for a period of not less than 5 and not more than 20 years; supervised release for a period of not less than five years up to a term of life; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture as charged in the Superseding Information.

Count Three (Possession of Child Pornography): incarceration for a period of not more than 10 years; supervised release for a period of not less than five years up to a term of life; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture as charged in the Superseding Information.

3.      Stipulated Judicial Order of Deportation

Defendant and the U.S. Attorney jointly ask the District Court ("Court") to enter the attached Stipulated Judicial Order of Removal against Defendant under the Court's authority in 8 U.S.C. §1228(c)(5). Defendant agrees he is not a citizen or national of the United States, and that he is a native and citizen of the United Kingdom. Defendant admits that he is removable from the United States under 8 U.S.C. §1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.

Defendant agrees that when he is convicted in the instant criminal proceeding, he will be convicted in this Court for the offenses of: 1) Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. §373; 2) Distribution of Child Pornography, in violation of 18 U.S.C. §2252(a)(2); and 3) Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4)(B). Defendant understands and knowingly waives his right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act, on the question of his deportability or removability from the United States. In this regard Defendant understands and knowingly waives his rights to examine the evidence against him, to present evidence on his own behalf, to cross-examine any witnesses presented by the government, in any administrative removal proceeding, and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives his right to apply for any relief from deportability or removability from the United States that would otherwise be available to him. Defendant understands that this order terminates any immigration status he might hold in the United States, including the status of lawful permanent resident.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of permanently barring him from re-entering the United States.

Defendant agrees and accepts a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation or removal from the United States upon

conviction and completion of any period of incarceration. Defendant agrees that the order of deportation or removal be issued for his deportation to the United Kingdom, or to any other country as prescribed by the immigration laws and regulations of the United States of America.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of DHS to enforce such order. Defendant waives any right to and agrees he will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant understands that immigration officials will assume custody of him after release from any period of incarceration in this case. Defendant waives any right to seek release from the custody of the DHS when DHS assumes such custody after conviction and his release from any period of incarceration and preparatory to arrangements for his deportation or removal from the United States. Defendant agrees he will in all ways cooperate with DHS officials in the surrendering of or applying for any travel documents, or in other formalities relating to his deportation or removal from the United States and preparations therefore.

4.      Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the Court accepts this plea agreement, the Court must follow the agreed disposition in its judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

5.      Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

Count One (Solicitation to Commit A Crime of Violence):

    a.      in accordance with USSG §2X1.1, Defendant's base offense level is derived from the guideline for the substantive offense of kidnapping, as charged, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty;

    b.      in accordance with USSG §2A4.1(c), the offense level is cross-referenced to USSG §2A1.1 because the Defendant intended to murder the minor victim;

    c.      in accordance with USSG §2A1.1, Defendant's base offense level is 43; and

d.     in accordance with USSG §2X1.1, Defendant's offense level is decreased by three levels because the charged offense is solicitation, and Defendant had not yet completed all the acts he believed necessary for successful completion of the substantive offense. The adjusted offense level for Count One is 40.

Counts Two and Three (Distribution and Possession of Child Pornography):

a.     in accordance with USSG §3D1.2, these offenses involve substantially the same harm and the offense levels are therefore grouped together;

b.     in accordance with USSG §2G2.2(a), Defendant's base offense level is 22, because the Defendant is pleading to a violation of 18 U.S.C. § 2252(a)(2);

c.     in accordance with USSG §2G2.2(b)(2), Defendant's offense level is increased by two levels, because the offense involved a minor under 12;

d.     in accordance with USSG §2G2.2(b)(3), Defendant's offense level is increased by five levels, because the offense involved distribution of child pornography for the receipt or the expectation of receipt of a thing of value;

e.     in accordance with USSG §2G2.2(b)(4), Defendant's offense level is increased by four levels, because the offense involved material that portrayed sadistic or masochistic conduct;

f.     in accordance with USSG §2G2.2(b)(6), Defendant's offense level is increased by two levels, because the offense involved use of a computer; and

g.     in accordance with USSG §§2G2.2(b)(7), Defendant's offense level is increased by five levels, because the offense involved at least 600 images of child pornography. The adjusted offense level for Counts Two and Three is 40.

Grouping

a.     in accordance with USSG § 3D1.2, Count One does not group with Counts Two and Three for the purposes of Guidelines calculations;

b.     in accordance with USSG § 3D1.4, Count One counts as one unit because it is the highest offense level;

c.     pursuant to USSG §3D1.4, the group for Counts Two and Three (Distribution and Possession of Child Pornography) counts as an additional unit because it is equally serious to four levels less serious;

d.       pursuant to USSG §§3D1.3 & 3D1.4, the total offense level for Count One is increased by two levels to account for the two additional units resulting from grouping, and

e.       in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, Defendant's adjusted offense level is reduced by three levels, for a total offense level of 39.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit his conduct in the offenses of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d)     Fails to provide truthful information about his financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; or

(j)     Attempts to withdraw his guilty plea.

5

6.      Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

> (a)     incarceration for a period of no less than 216 months and no more than 327 months;
>
> (b)     lifetime term of supervised release;
>
> (c)     a mandatory special assessment in the amount of $300;
>
> (d)     restitution, as ordered by the Court; and
>
> (e)     forfeiture as set forth in the Superseding Information.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory United States Sentencing Guidelines and the factors set forth in 18 U.S.C. §3553(a).

7.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

8.      Registration as a Sex Offender

Defendant understands and agrees that as a consequence of his conviction for the crime or crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence.  Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. §2250.

9.      Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000; and

(b)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

10.    Waiver of Right to Appeal and to Bring Other Challenge

(a)    Defendant has conferred with his attorney and understands that he has the right to challenge his convictions in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his convictions in a future (collateral) proceeding, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

(b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in future (collateral) proceedings such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future (collateral) proceeding such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Furthermore, Defendant waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the Sentencing Guidelines are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's criminal history category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or collateral proceeding even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the

7

parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

11.     Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

12.     Forfeiture

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following: 1) ASUS Laptop #A9NOA5561602389; 2) HP Laptop #CNF7170LC7; 3) Maxtor HDD #Y64DFSJE; 4) Fujitsu 2.5 HDD; and 4) Eight Optical Discs, all of which were seized on or about July 27, 2012, from Defendant's residence. Defendant admits that these assets are subject to forfeiture on the grounds that they contain at least one visual depiction that was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; constitute or are traceable to gross profits or other proceeds obtained from such offenses; and constitute property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or are property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold,

disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims he may have to any other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the items listed above, seized by, or turned over to, the Department of Homeland Security, Homeland Security Investigations, on or about July 27, 2012.

13.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

14.    Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

15.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraphs 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no

9

such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

16.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Stacy Dawson Belf.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:    CYNTHIA A. YOUNG
Chief, Criminal Division

JAMES D. HERBERT
Deputy Chief, Criminal Division

10

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Geoffrey Portway
Defendant

Date: 4/23/13

I certify that Geoffrey Portway has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Richard J. Sweeney, Esq.
Attorney for Defendant

Date: 4/23/13

11

*If this matter had proceeded to trial, the parties agree that the United States would have proven the facts set forth below beyond a reasonable doubt. The parties agree that the following facts do not encompass all of the facts that would have been proven if this matter proceeded to trial.*

The defendant, **GEOFFREY PORTWAY**, a/k/a, Fat Longpig, was born in Spain and is a citizen of the United Kingdom. At all times relevant to this case, **PORTWAY** was a resident of Worcester, Massachusetts.

As part of a long-term international investigation referred to as Operation HOLITNA, Department of Homeland Security, Homeland Security Investigations (HSI) identified individuals belonging to certain discussion groups focused upon the kidnap, torture, murder and cannibalization of children. Through these discussion groups, these individuals were chatting about such interests while also exchanging images containing child pornography. Among others, HSI learned of an individual identified on-line as "Fat Longpig," who was utilizing Skype, Yahoo and other programs to communicate with other like-minded members of the group, to discuss with them how together they could capture, rape and eat young children, as well as to trade child pornography among them. HSI later identified the person using the name "Fat Longpig," which is a reference to cannibalism, as **GEOFFREY PORTWAY**, who resided in and conducted on-line activities from Worcester, Massachusetts.

On July 27, 2012, HSI agents along with the Massachusetts State Police and the Worcester Police Department executed a federal search warrant at **PORTWAY's** residence in Worcester, Massachusetts, of which he was the sole occupant. Among items seized were various computers and digital devices which contained child pornography or were used to facilitate the collection and distribution of child pornography:

- ASUS Laptop #A9NOA5561602389;
- HP Laptop #CNF717OLC7;
- Maxtor HDD #Y64DFSJE;
- Fujitsu 2.5 HDD; and
- Eight Optical Discs.

These items were each manufactured outside of the District of Massachusetts, thus affecting interstate or foreign commerce.

A forensic examination of **PORTWAY's** computers revealed tens of thousands of images and videos depicting the violent rape and sexual exploitation of children to include images of children engaged in sexually explicit conduct. Additionally, the computer contained thousands of images of the physical assault of children, including photos and videos depicting the rape, bondage, torture, and killing of children, as well as photos of dead and mutilated children and the cannibalism of children. Just a few of the child pornography images recovered are described as follows:

- An approximately eight- to ten-year old male boy laying face down with arms and legs bound together behind him. An adult male is standing over the boy and the adult is inserting his penis into the child's mouth.
- A three- to five-year old male face down on a chair flipped over. The child is bound to the chair over the shoulders and knees. The genitalia is exposed and the anus is spread.



- A prepubescent boy, approximately eight- to ten-years old, is naked and lying on his back with his hands pulling his legs apart. There is an adult male inserting his erect penis into the boy's anus.

The last image is one of several images that **PORTWAY** distributed on June 18, 2011 to another individual from these discussion groups, Walrus.Blackhawk. The individual has since been identified as Richard DATES, who resides in New Mexico and was located there when **PORTWAY** sent these images.

The forensic examination uncovered evidence of over 4,500 trades of child pornography between **PORTWAY** and others. Many of these trades involved **PORTWAY** distributing child pornography to others based on their stated specific preferences, including images and videos appearing to depict dead children and the cannibalism of children. **PORTWAY** distributed child pornography images for the receipt of expectation of receipt of a thing of value, namely to obtain other child pornography from the individual to which **PORTWAY** was distributing child pornography.

Furthermore, **PORTWAY** engaged in numerous chats with many individuals about a mutual interest in abducting, raping, murdering, and eating children. Many of these conversations were accompanied by the trading of child pornography and other images of children relevant to the subject at hand. These chats also included multiple images of different real children, accompanied by discussions of desires to sexual abuse and murder and cannibalize the children.

Within these chats, **PORTWAY** solicits several people for their help in abducting a child, mainly from Michael ARNETT of Kansas. At least as early as 2010, **PORTWAY** utilized Skype and other programs to communicate with ARNETT. **PORTWAY** and ARNETT traded child pornography and images of injured, mutilated and deceased children while chatting about the sexual abuse, rape, abduction, murder, and cannibalism of children. Over months, **PORTWAY** repeatedly solicited and endeavored to persuade ARNETT to kidnap a child for him, with the intent that ARNETT would do so and **PORTWAY** would ultimately rape, kill and eat that child. These solicitations for help abducting a child included discussing real children, by name and photo, that ARNETT claimed to know and have access. In the chats, **PORTWAY** and ARNETT discuss different ways to kidnap children and the age range **PORTWAY** prefers. During the time that **PORTWAY** was soliciting ARNETT, he had been told that ARNETT had helped others with such requests before and that he had experience with the abduction and sexual abuse of children. ARNETT has since pled guilty to the sexual exploitation of children for the purposes of producing child pornography in violation of 18 U.S.C. § 2251(a).

During the execution of the search warrant at **PORTWAY**'s residence, HSI agents also discovered a locked door in the basement of the residence. Inside the door was a sally port that led to a second door (with a keyed lock). Inside the second door was a dungeon, which was lined with acoustical sound-deadening material and contained a chair, television, and what appeared to be cable access to the internet. Also located in this room were a child-sized homemade coffin (with large speakers covered in wire mesh at one end) with exterior locking devices, a steel cage (approximately 3' wide, 2' high and 4' long) with multiple locking devices, and a steel table top (with steel rings at 6 points, presumably for restraints). Outside these rooms

were a cabinet freezer, an upright freezer, disposable scalpels, butchering kits, and castration tools. This dungeon was described in detail by **PORTWAY** in recovered chats as a place he intended to use to keep kidnapped children while he sexually abused them and as a place to eventually murder and cannibalize the children.