UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOFFREY PORTWAY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) <br> ) | Case Nos. <br> 12-CR-40064-TSH <br> 14-CV-40137-TSH |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

May 20, 2015

**HILLMAN, D.J.**

Petitioner Geoffrey Portway has filed a motion to vacate, set aside, or correct a sentence in federal custody pursuant to 28 U.S.C. § 2255. Petitioner seeks release from prison. The motion is ***denied***.

**Background**

Petitioner Geoffrey Portway pled guilty to child pornography and solicitation-to-kidnap charges in this Court on May 6, 2013. Portway was arrested after a child pornography investigation by the Department of Homeland Security uncovered Portway's plot to have a young boy abducted so that Portway could rape, kill, and eat the boy in a special dungeon he built to commit the crimes. Specifically, Portway pled guilty to (1) solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373 and 18 U.S.C. § 1201 (kidnapping); (2) distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and (3) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On September 23, 2013, this Court

1

sentenced Portway to a term of incarceration of 320 months. On September 19, 2014, Portway filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, on the ground that "Congress is Constitutionally barred from creating the laws that cover" this case. The United States argues that Portway waived his right to collaterally attack his sentence, and that the statutes under which Portway was convicted are constitutional.

## Analysis

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion in the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A prisoner may request such relief on the grounds that the sentence "(1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." *David v. United States*, 134, F.3d 470, 474 (1st Cir. 1998). However, the right to bring a § 2255 challenge can be waived. *See Sotirion v. United States*, 617 F.3d 27, 33 (2010). Presentence waivers of appellate rights are enforceable if they are knowing and voluntary. *See id*. "In examining whether the defendant knowingly and voluntarily waived his appellate rights, the text of the written plea agreement and the change-of-plea colloquy are of critical importance." *Id.* Even if the waiver is knowing and voluntary, federal courts "retain discretion not to enforce the waiver if it would result in a miscarriage of justice." *Id.*

Portway knowingly and voluntarily waived his appellate rights, including his right to collaterally challenge the sentence by way of § 2255. The signed plea agreement elucidates the appellate waiver and its scope, stating that "Defendant waives any right he has to challenge the agreed-upon sentence . . . on direct appeal and in a future (collateral) proceeding such as pursuant to 28 U.S.C. §2255." Plea Agreement, Docket 42, ¶ 10(b). At the change-of-plea

hearing, this Court specifically inquired about the appellate waiver and Portway responded that he understood that he was agreeing not to challenge the sentence in any appeal or collateral proceedings. Given the nature of this case and the clarity of Portway's appellate waiver, the Court concludes that enforcement would not result in a miscarriage of justice. The Court rejects Portway's argument that his claim is jurisdictional (and therefore can never be waived), because 18 U.S.C. § 3231 provides federal courts with subject-matter jurisdiction over federal criminal prosecutions "whether or not the conduct charged proves beyond the scope of Congress' . . . authority in enacting the statute at issue."[1] *United States v. Yousef*, 750 F.3d 254, 259-262 (2d Cir. 2014); *see also United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2014) (concluding that Defendant had "waived his right to challenge the constitutionality" of the federal child pornography statute by pleading guilty); *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (finding that Defendant's claim that Congress lacked authority to enact criminal statute was non-jurisdictional and therefore waived by Defendant's guilty plea).

Even if the waiver was invalid or his claim is jurisdictional, Portway has procedurally defaulted the argument that the criminal statutes exceed Congressional authority. A defendant may not raise a claim on collateral review that was not raised in both the district court and on direct appeal unless he can establish (1) cause for the default and prejudice; or (2) actual innocence. *Bucci v. United States*, 662 F.3d 18, 27-29 and n.7 (1st Cir. 2011). Portway did not challenge Congress's authority to enact the statutes in this Court, and filed no direct appeal. He makes no attempt in his § 2255 motion or memoranda to show cause, prejudice, or actual

---

[1] In *United States v. Cruz-Rivera*, the First Circuit suggested in dicta that a challenge to a criminal statute as facially unconstitutional might implicate a federal court's subject matter jurisdiction. 357 F.3d 10, 13-14 (1st Cir. 2004). However, that case did not provide a conclusive determination on the question, because the defendant did not raise a facial challenge to the statute. *Id.* Presented with a facial challenge in this case, this Court finds persuasive the Second Circuit's conclusion that 18 U.S.C. § 3231 "is all that is necessary to establish a court's power to hear a case involving a federal offense." *United States v. Yousef*, 750 F.3d 254, 262 (2d Cir. 2014).

3

innocence. Nor is this Court aware of any circumstance in which Portway could overcome this procedural bar. There was no objective impediment preventing Portway or his prior counsel from raising the claim—either in this Court or on direct appeal—that Congress lacks the authority to enact the criminal statutes at issue. *See Horton v. Allen*, 370 F.3d 75, 81 (1st Cir. 2004).

Because Portway waived his appellate rights and procedurally defaulted this claim, the Court does not reach the constitutional question raised by the § 2255 motion.

## Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is ***denied***.


SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
